# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON MITCHELL,<br>    *Plaintiff,* | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 18-CV-3678** |
| | : |
| **READY WILLING & ABLE OR THE<br>DOE FUND,**<br>    *Defendant.* | :<br>:<br>: |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                               **AUGUST 29, 2018**

Plaintiff Don Mitchell ('Mitchell") proceeding *pro se* filed this civil action against his former employer Defendant Ready Willing & Able or The Doe Fund ("Defendant"). (ECF No. 2.) He has also filed a motion for leave to proceed *in forma pauperis,* (ECF No. 1), and a motion for appointment of attorney, (ECF No. 3). For the reasons set forth, this Court will grant Mitchell motion to proceed *in forma pauperis*, dismiss his Complaint with leave to amend, and deny his motion for appointment of attorney.

## I.    FACTS

Mitchell used the court's form complaint for filing an employment discrimination suit to initiate this action. He does not, however, indicate which statute he is relying on; *to wit*: Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and/or the Pennsylvania Human Relations Act. (*See* Compl. at 1.) By checking the appropriate locations on the form, Mitchell indicates that Ready Willing & Able or The Doe Fund discriminated against him by terminating his employment, failing to stop harassment, retaliating against him, and enforcing unequal terms and conditions of employment. (*Id.* at 2-3.) He has not provided any facts to support these allegations. (*See id.* at 3.) Mitchell further indicates that he received a

Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on March 27, 2018. (*Id.* at 4; *see id.* at 6.) As relief, Mitchell asks that the Court to grant him "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 5.)

## II.   STANDARD OF REVIEW

This Court will grant Mitchell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, since 28 U.S.C. § 1915(e)(2)(B)(ii) applies, the court is required to dismiss a complaint if it fails to state a claim. The determination of whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). The court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Mitchell is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

Federal Rules of Civil Procedure ("Rule") 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). In addition, Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that the plaintiff: (1) is a member of a protected class; (2) was qualified for the position in question; (3) suffered an adverse employment action and; (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to his membership in a protected class or protected activity. *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

3

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *E.E.O.C.*, 778 F.3d at 449. "A prima facie case of illegal retaliation requires a showing of (1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (quotations omitted). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, the plaintiff still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Mitchell's Complaint fails to comply with Rule 8, as it simply does not provide enough information to put Defendant on sufficient notice to prepare its defense and also ensure that the Court is sufficiently informed to determine the issue. *See Fabian*, 2017 WL 3494219, at *3. Mitchell alleges that he was discriminated against and harassed at work but fails to provide any facts to suggest that any such discrimination or harassment was due to his membership in a protected class. Accordingly, he has not stated a claim under any of the federal statutes prohibiting employment discrimination. *See Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*). Further, his vague claim that he was retaliated against fails to state a plausible retaliation claim. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Moreover, it appears that Mitchell's claims of discrimination may be untimely filed. Mitchell states that he received the EEOC's Right to Sue Letter on March 27, 2018. (Compl. at 4; *see id.* at 6.) Mitchell was therefore "required to bring an employment discrimination claim in federal court within 90 days of receiving" this letter. *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (*per curiam*) (citing 42 U.S.C. § 2000e-16(c); *McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227 (3d Cir. 1995)). Thus, Mitchell would have needed to file his Complaint by June 25, 2018 to meet the 90-day deadline.

Statutes of limitations governing employment discrimination cases are subject to equitable tolling "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). "[E]quitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004). Because Mitchell has not set forth any facts supporting his claims, his Complaint, as pled, fails to suggest any reason why the statute of limitations should be equitably tolled.

## IV. CONCLUSION

For the foregoing reasons and in light of Mitchell's *pro se* status, this Court will grant Mitchell leave to proceed *in forma pauperis* and dismiss his Complaint, without prejudice, and provide Mitchell leave to file an amended complaint in the event he can set forth facts supporting his claims of discrimination and demonstrating that the statute of limitations should be tolled.

5

Mitchell's motion for appointment of attorney is denied, without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**