IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DON MITCHELL,
    *Plaintiff*

v.                                                                  CIVIL ACTION NO. 18-CV-3678

READY WILLING & ABLE OR THE
DOE FUND,
    *Defendant*

# MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                 SEPTEMBER 24, 2018

On August 28, 2018, *pro se* Plaintiff Don Mitchell filed this civil action, using this Court's form complaint for filing an employment discrimination suit, against his former employer Ready Willing & Able or The Doe Fund. (ECF No. 2.) He also filed a *motion for leave to proceed in forma pauperis* (ECF No. 1) and *motion for appointment of attorney* (ECF No. 3). By Memorandum and Order entered on August 30, 2018, the Court granted Mitchell leave to proceed *in forma pauperis*, dismissed his Complaint, and denied his motion for appointment of attorney. (ECF Nos. 5, 6.) Specifically, the Court noted that Mitchell's Complaint failed to comply with Federal Rules of Civil Procedure "Rule" 8, and that it appeared that his claims of discrimination may be untimely filed. (ECF No. 5 at 4-5.) In light of Mitchell's *pro se* status, the Court granted him leave to file an amended complaint "in the event he [could] set fort facts supporting his claims of discrimination and demonstrating that the statute of limitations should be tolled." (*Id.* at 5.) On September 19, 2018, this Court received Mitchell's Amended Complaint. (ECF No. 7.) For the following reasons, the Amended Complaint is dismissed and Mitchell has one final opportunity to amend.

1

I.  **FACTS**

Though Mitchell again used this court's form complaint for filing an employment discrimination suit to prepare his Amended Complaint, he does not indicate whether he is seeking to proceed under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, or the Pennsylvania Human Relations Act. (*See* Am. Compl. at 1.)[1] By checking the appropriate locations on the form, Mitchell states that Ready Willing & Able or The Doe Fund discriminated against him by terminating his employment, failing to stop harassment, retaliating against him, and by enforcing unequal terms and conditions of employment. (*Id.* at 6-7.) In support of these allegations, Mitchell alleges that Ready Willing & Able or The Doe Fund harassed him through "illegal hearings [and] fabricating hearings." (*Id.* at 7.) He also contends that Ready Willing & Able or The Doe Fund fabricated evidence that was presented to a hearing examiner. (*Id.*) Mitchell further alleges that his former employer retaliated against him by being "determined in their actions in pursuing disciplinary acts," which resulted in "wrongful termination." (*Id.*) He presents the same arguments in support of allegation that Ready Willing & Able or The Doe Fund enforced unequal terms and conditions of employment. (*Id.*)

Mitchell indicates that he received a *Right to Sue* Letter from the Equal Employment Opportunity Commission ("EEOC") on March 27, 2018. (*Id.* at 8.) As relief, Mitchell asks that this Court grant him "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 9.) The remainder of Mitchell's eighty (80)-page Amended Complaint consists of various exhibits, including a copy of this Court's August 29, 2018 Memorandum and Order, copies of incident reports Mitchell

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

submitted, paperwork from the Equal Employment Opportunity Commission ("EEOC") on how to file a charge, a copy of the intake questionnaire Mitchell submitted to the EEOC, and a copy of a wage complaint Mitchell submitted to the Pennsylvania Bureau of Labor Law Compliance.

## II. STANDARD OF REVIEW

As noted above, Mitchell was previously granted leave to proceed *in forma pauperis*. Consistent with 28 U.S.C. § 1915(e)(2)(B)(ii), this Court is required to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6), *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). The court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Mitchell is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

In addition, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*,

3

49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Here, Mitchell's Amended Complaint fails to cure the defects this Court noted from his initial Complaint. As previously explained to Mitchell, federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) that the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to his membership in a protected class or protected activity. *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)). Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *E.E.O.C.,*

778 F.3d at 449. "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (quotations omitted). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Mitchell's Amended Complaint again fails to state a plausible claim for employment discrimination. While Mitchell alleges that he was discriminated against and harassed at work by facing fabricated disciplinary hearings, he again fails to provide any facts suggesting that any such discrimination or harassment was due to his membership in a protected class. Accordingly, he has not stated a claim under the federal statutes prohibiting employment discrimination. *See Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*). Moreover, his vague claim that he was retaliated against fails to state a plausible retaliation claim. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). Rather, it appears that Mitchell is attempting to rely on the voluminous attachments to the Amended Complaint to set forth his claims. To the extent that this is his intent, the Amended Complaint fails to comply with Rule 8(a) as it simply does not "provide enough information to put a defendant on sufficient notice to prepare [a] defense and also ensure that the court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3.

Moreover, nothing in Mitchell's Amended Complaint suggests that his claims are timely filed. Mitchell states that he received the EEOC's Right to Sue Letter on March 27, 2018. (Am. Compl. at 8.) As this Court previously informed him, he was "required to bring an employment discrimination claim in federal court within 90 days of receiving" this letter. *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (*per curiam*) (citing 42 U.S.C. § 2000e-16(c); *McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227 (3d Cir. 1995)). Thus, Mitchell would have needed to file his Complaint by June 25, 2018 to meet the 90-day deadline. Mitchell's initial complaint was filed August 28, 2018. (ECF 1). Statutes of limitations governing employment discrimination cases, however, are subject to equitable tolling, "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). "[E]quitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004). Because Mitchell has not set forth sufficient facts supporting his claims, his Amended Complaint, as pled, fails to suggest any reason why the statute of limitations should be equitably tolled. Notwithstanding, in light of Mitchell's *pro se* status, this Court will dismiss the Amended Complaint, without prejudice, and provide Mitchell one final opportunity to amend in the event he can set forth sufficient facts supporting his claims of discrimination and demonstrating that the statute of limitations should be tolled.

## IV. CONCLUSION

For the foregoing reasons, Mitchell's Amended Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. This dismissal will be without prejudice to Mitchell's right to file a second amended complaint in the event he can cure the defects noted above. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO,*
United States District Court, Judge