# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DON MITCHELL,** *Plaintiff,* | : : : |
| v. | : **CIVIL ACTION NO. 18-CV-3678** |
| **READY WILLING & ABLE OR THE DOE FUND,** *Defendant.* | : : : : |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                    OCTOBER 3, 2018

On August 28, 2018, *pro se* Plaintiff Don Mitchell filed this civil action, using the court's form complaint for filing an employment discrimination suit, against his former employer Ready Willing & Able or The Doe Fund. (ECF No. 2.) He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 1), and a motion for appointment of attorney. (ECF No. 3). By Memorandum and Order entered on August 30, 2018, this Court granted Mitchell leave to proceed *in forma pauperis*, dismissed his Complaint, and denied his motion for appointment of attorney at that time. (ECF Nos. 5, 6.) Specifically, the Court noted that Mitchell's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and that it appeared that his claims of discrimination may be untimely filed. (ECF No. 5 at 4-5.) In light of Mitchell's *pro se* status, however, the Court granted him leave to file an amended complaint "in the event he [could] set fort facts supporting his claims of discrimination and demonstrating that the statute of limitations should be tolled." (*Id.* at 5.)

On September 19, 2018, the Court received Mitchell's Amended Complaint. (ECF No. 7.) By Memorandum and Order entered on September 25, 2018, this Court dismissed the Amended Complaint. (ECF Nos. 8, 9.) The Court noted that the Amended Complaint failed to

1

cure the defects noted from his initial Complaint, as Mitchell had again failed to state a plausible claim for employment discrimination. (ECF No. 8 at 4-5.) This Court also noted that the Amended Complaint failed to comply with Rule 8(a) if it was Mitchell's intent to "rely on the voluminous attachments to the Amended Complaint to set forth his claims." (*Id.* at 5.) The Court also concluded that nothing in the Amended Complaint suggested that his claims were timely filed. (*Id.* at 6.) The Court provided Mitchell one final opportunity to amend the amended complaint in the event he could "set forth sufficient facts supporting his claims of discrimination and demonstrating that the statute of limitations should be tolled." (*Id.*)

The Court received Mitchell's Second Amended Complaint on October 1, 2018. (ECF No. 10.) A review of the Second Amended Complaint reveals, however, that it fails to cure the defects noted in the initial Complaint and Amended Complaint. Accordingly, for the reasons set forth, the Second Amended Complaint is dismissed.

I. **FACTS**

Mitchell's Second Amended Complaint consists of seventeen (17) pages, nine (9) of which are a copy of this Court's September 25, 2018 Memorandum and Order. While the first page of Mitchell's Second Amended Complaint consists of the first page of this Court's form complaint for filing an employment discrimination suit, the remainder of the Second Amended Complaint was completed using this Court's form complaint for a plaintiff seeking to file another type of civil action. He names the following individuals as the Defendants: (1) "Administrative Staff Ready Will & Able"; (2) Mr. Jason Miller, Executive Director; (3) Tulsa Wills, House Manager; (4) Ruth Salters, Career Development; (5) Delbert L. Higgins, Career Development; (6) Mr. Harris, Supervisor; (7) Bob Apelian, Supervisor; (8) Joseph Randle, Supervisor; and (9) Frank Bagley, Supervisor. (Second Am. Compl. at 12.)

Mitchell alleges that the events giving rise to his claims occurred between November 12, 2015 and July 12, 2016. (*Id.* at 14.)[1] He contends that Executive Director Jason Miller, as the head administrative hearing examiner, allowed "belligerent" and "rambunctious" behavior by other administrative staff and the "falsification of . . . disciplinary documents in investigation during [his] time as employee." (*Id.* at 14.) Mitchell mentions that Ruth Salters "became belligerent" during an awards ceremony that was recorded by an action news camera crew from Channel Six News. (*Id.*) According to him, Salters "became outrage[d] by [their] recognition for Fairmo[u]nt Park for [their] good Samaritan act." (*Id.*) Mitchell contends that Delbert L. Higgins and another hearing examiner also accepted false evidence "to falsify [his] wrongful termination." (*Id.*) He goes on to mention that Mr. Harris, Joseph Randle, Bob Apelian, and Frank Bagley should be sanctioned for belligerent behavior towards him. (*Id.* at 14-15.)

As for injuries, Mitchell alleges that his "work environment" was tarnished and that his integrity "was ridiculed" because of Ready Willing & Able staff members engaging in "belligerent behavior and comments." (*Id.*) For relief, Mitchell asks for "the analysis over [his] case for any monetary compensation and damages by the Judge." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, Mitchell was previously granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court is required to dismiss an amended complaint if it fails to state a claim. The determination of whether a complaint or an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint

---

[1] The Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.

3

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). The court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Mitchell is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

While not clear, it appears that Mitchell is asserting claims of employment discrimination based upon his termination from Ready Willing & Able. As the Court previously explained to Mitchell, federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and that; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to his membership in a protected class or protected

4

activity. *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

Mitchell's second amended complaint fails to state a plausible claim for employment discrimination. While Mitchell alleges that he was harassed at work by facing fabricated disciplinary hearings, he once again fails to provide any facts suggesting that any such discrimination or harassment was due to his membership in a protected class. Accordingly, he still has not stated a claim under the federal statutes prohibiting employment discrimination. *See Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*).[2]

Mitchell may also be raising state law tort claims against the Defendants based upon their behavior toward him. However, pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." Courts should ordinarily decline to exercise supplemental jurisdiction over state law claim when the federal claims are dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982). Because the Court has dismissed Mitchell's federal claims, the Court will not exercise supplemental jurisdiction over any remaining state law claims. *See Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.").

Notwithstanding, this Court may have original jurisdiction over such state law claims pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

---

[2] The Court does not discern any other bases for a federal claim for relief from Mitchell's Second Amended Complaint.

5

and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Mitchell only requests an unspecified amount of damages. However, Mitchell has only provided Pennsylvania addresses for himself and the Defendants, thus failing to plead that the parties are completely diverse for purposes of § 1332.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mitchell's Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any federal claims will be dismissed with prejudice. To the extent Mitchell asserts any state law tort claims, those claims will be dismissed without prejudice for lack of subject matter jurisdiction. Because Mitchell has been given two (2) opportunities to amend and has not alleged anything that gives rise to a clear basis for a claim, the Court concludes that further attempts to amend would be futile. An appropriate Order follows.